UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAGHUAN PINKNEY, | Civil Action No. 25-6821 (SDW-CLW) |
| Plaintiff, | |
| v. | OPINION |
| BURLINGTON COUNTY CORRECTIONAL FACILITY, | |
| Defendant. | |

**IT APPEARING THAT:**

1. On or about June 2, 2025, *pro se* Plaintiff Vaghuan Pinkney, a detainee at the Burlington County Jail, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). He also seeks permission to proceed *in forma pauperis*. (ECF No. 1-1).

2. Plaintiff's *in forma pauperis* application establishes his financial eligibility to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) and will be granted.

3. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

4. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading

that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. Plaintiff's complaint reads in its entirety: "I was held in Lock up over the mandatory days I was giving [sic] with no explanation and this [occurred] in February of 2025 on Charlie 202 in the Burlington County Jail." (ECF No. 1 at 5). This is insufficient information to state a claim pursuant to § 1983.

7. First, Plaintiff may not bring a claim against the county jail because a jail or a prison is not a "person" under § 1983. *See Beaver v. Union Cnty. Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015) (per curiam) (affirming dismissal of claims against Northumberland County Prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983). Plaintiff must identify the specific person or people whom he alleges violated his constitutional rights.

8. Second, Plaintiff has not provided enough information about the circumstances surrounding his lockup placement and alleged over detention. This Court cannot assess whether someone at the jail subjected Plaintiff to unconstitutional punishment without considering the

totality of the circumstances. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (citing *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

9. This Court concludes that the complaint should be dismissed as Plaintiff has failed to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

10. This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). Plaintiff may be able to allege facts that would cure the deficiencies identified above, so this Court will grant plaintiff 45 days to submit a proposed amended complaint.

11. The proposed amended complaint will be subject to § 1915 review prior to service, and failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

12. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 6, 2025